[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CONCERNING VARIOUS ITEMS OF PERSONAL PROPERTY
After healing the arguments of the parties, reviewing the prior proceedings, exhibits on file, a 19 page list of personal property jointly marked by the parties, the transcripts of the January 28, 1997 and February 13, 1997 hearings before the court (Harrigan, J.) concerning personal property, and the Memorandum of Decision of April 8, 1997, the court enters the following orders:
 1. The personal property listed on the 19 page list, attached to the plaintiff's March 2, 1998 motion, which property does not have an asterisk triangle, "D" or "A" on the left of the phrase "Item number from Defendant's Exhibit W", is the property of the plaintiff. She shall, at her sole cost and expense, remove those items from the defendant's home on Saturday, May 9, 1998 from 8:00 a.m. until 6:00 p.m. Both parties will mark and initial the removal of each item on all four duplicate copies of the said 19 page list. Each shall retain two copies of said list. Both parties will be present at the removal, which will be conducted by agents and employees of the plaintiff. If the removal is not completed by Saturday, May 9, 1998 at 6:00 p.m., the removal will continue on Sunday, May 10, 1998 at 8:00 a.m. until the removal is completed.
 2. The court confirms the court order contained in paragraph 10 of the Memorandum of Decision dated April 8, 1997 concerning the stereo card collection. The defendant shall divide the collection into two equal parts in his home prior to May 16, 1998. The plaintiff shall inspect said two parts, in the defendant's home, commencing at 9:00 a.m. on Saturday, May 16, 1998. The plaintiff shall exercise her choice of one of the two parts by Saturday, May 16, 1998 at 4:00 p.m. The plaintiff shall then remove her selected part of the stereo card collection immediately from the defendant's home, at her cost and expense.
3. If any dispute arises concerning the removal of said items of personal property in paragraphs 1 and 2 above, the disputed item of personal property shall not be removed. All other items shall be removed. Said nonremoved disputed item will be dealt with upon proper application to this court in the manner set forth in paragraph 6 of this Memorandum of Decision. (Note: The orders contained in paragraph 1, 2 and 3 hereof were issued orally on May 4, 1998.) CT Page 6512
 4. The parties have disagreed as to the items of personal property marked with an asterisk to the immediate left of its number on Defendant's Exhibit W. These items are numbered in a chronological pagination sequence in the 19 page list as 241, 391, 109, 111, 402, 57, 1, 5, 11, 12, 34, 38, 39, 40, 42, 43, 44, 69, 73, 81, 85, 105, 106, 107, 108, 112, 114, 115, 121, 124, 127, 131, 138, 142, 143, 144, 145, 149, 160, 162, 172, 180, 182, 184, 193, 194, 215, 216, 254, 258, 273, 277, 82, 116, 118, 128, 164, 176, 183, 185, 152, 261, 262, 263, 264, 265, 266, 268, 302, 318, 325, 327, 329, 352, 359, 360, 378, 380, 388, 389, 395, 396, 397, 398, 399, 296, 358, 401, and 231. Each of the above-numbered items (some of which are sets or multiple items) are the numbers contained in Defendant's Exhibit W. Exhibit W was, in turn, the subject of two days of evidentiary hearings before the court, (Harrigan, J.), on January 28, 1997 and February 13, 1997, devoted exclusively to personal property. The court in its April 8, 1997 Memorandum of Decision, concluded that by conducting the said two days of hearings, it had disposed of and equitably distributed all items of personal property. After reviewing 150 plus pages of transcripts of the January 28, 1997 and February 13, 1997 hearings, this court is of the opinion that Judge Harrigan did order an equitable division of all said personal property, including those numbered above. Judge Harrigan's orders of January 28, 1997 and February 13, 1997 are confirmed. Defendant's Exhibit W was broken down into five columns: "Bruce", "Nancy", "neither", "children" and "both". The parties agreed that the items in Defendant's Exhibit W listed in the "Bruce" column would belong to the defendant, those in the "Nancy" column would belong to the plaintiff, those in the "neither" column would be sold and the proceeds divided equitably, and those in the "children" column would belong to the children as their property. Those in the "both" column would be divided by Judge Harrigan from the bench at the conclusion of the January 28, 1997 and February 13, 1997 hearings. "I'm not going to do that. Forget Family Relations. You two can't agree on your personal property. I will do it. Family Relation's got enough to do with custody studies and dealing with the welfare of children and they don't have to deal with furniture." J. Harrigan. Transcript January 13, 1997, pg. 9.
 5. The above four numbered orders dispose of all the personal property contained in Defendant's Exhibit W, duplicated as the 19 page list attached to the March 2, 1998 motion, which 19 page list is referenced in this Memorandum of Decision.
6. Should any party proceed further concerning any item of CT Page 6513 personal property, said party shall in writing: (1) describe each said item exactly as contained in the 19 page list, (2) include the page number where the item of personal property is found on said 19 page list, (3) reference said item with the number shown as the Defendant's Exhibit W, (4) attach a copy of the transcript of all portions of the hearings of January 28, 1997 and February 13, 1997, or any other transcript that refers to said item, (5) attach a copy of any Memorandum of Decision, if any, referring to said item, (6) attach a copy of any clerk notes or court orders, if any, in the file relating to said item, (7) in detail, state the exact nature of relief requested including, if required, pick up dates and time, inspection details and detailed arrangements, and (8) state the opinion of the moving party as to the current fair market value of said item. If said motions, applications, requests, filings or proceedings do not contain all of such information, the court will not entertain such motions, applications, requests, flings or proceedings until they are in compliance with this order.
BY THE COURT,
KEVIN TIERNEY, J.